## MAYOR, &c. OF NEW YORK v. ERBEN.

September, 1868.

Affirming 10 *Bosw.* 189.

Defendant's land having been taken for a local improvement, and an award in his favor for compensation having been made, the municipal corporation, with knowledge of the facts, paid him a sum larger than the award, and he received it in ignorance of the fact, he being informed by their clerk that it was the amount of the award, and relying on this information. There was some evidence that the amount actually paid was no more than should have been awarded; and there was no finding by the referee of mistake on the part of the corporation in making the payment.

*Held,* that upon this of state the case, the corporation could not recover back the excess.

*It seems,* that in an action to recover back a sum overpaid in satisfaction of an award, it is competent to show, in defense, that the discrepancy was due to a clerical error in writing the award.

*It seems,* that money paid under mistake cannot be recovered back without proof of demand, or at least, of notice of the mistake.*

The plaintiffs sued Henry Erben and the New York Life Insurance and Trust Company, in the New York superior court, to recover nine thousand dollars, over paid by plaintiffs, in satisfaction of an award for land, owned by Erben and mortgaged to the insurance company.

---

* On this point, see Stevens v. Hyde, 32 *Barb.* 181, and cases cited. It would be otherwise, if fraud or bad faith on the part of the defendant, in taking advantage of the mistake, were shown. See Purves v. Moltz, 2 *Abb. Pr. N. S.* 209.

The plaintiffs proved that they took Erben's land for a street opening, and that the commissioners' award allowed him an aggregate of about sixteen thousand dollars, and that he received, as they alleged, by mistake, twenty-four thousand dollars.

The defenses were, that the amount received was no more than was equitably due, and that the amount was voluntarily paid, with knowledge of the facts. On the trial before the referee, defendant was—under exception—allowed to prove by the testimony of witnesses the size and value of the lots which were taken, and that the award for one of them was at a very much less rate than for the others and for the adjoining property, and very much less than the valuation put upon it by the appraisers in the proceedings under which it was taken.

The referee found, as matter of fact, that the corporation, by proceedings under the statute and by the appointment of commissioners of estimate and assessment, took land of the plaintiff worth twenty-five thousand dollars, and which consisted of one whole lot and parts of two others, the whole being subject to one mortgage to the New York Life Insurance and Trust Company, for four thousand five hundred dollars. The commissioners informed Erben that they had awarded him about twenty thousand dollars, over and above the assessment against him for benefit to other lots of his. Their report, subsequently made, awarded his compensation in two sums,—six thousand seven hundred and fifty-five dollars for the full lot, and nine thousand and fifty dollars for the two parts of lots; but directed that the amount of the mortgage be reserved from each sum, to be paid to the mortgagees, as if there had been two mortgages, whereas there was in fact but one.

That, after the commissioners' report was filed, Erben called at the office of the street commissioner, and asked of his clerk permission to examine the report. The report was not shown him, but, in lieu thereof, he was informed by the clerk that he (the clerk) believed that the amount awarded him was about twenty thousand dollars, above the amount assessed on him for benefit, about four thousand dollars; and upon which information Erben relied, and he had no other knowledge or information upon the matter

Mayor, &c. of New York *v.* Erben.

Afterward, Erben demanded the same, as due under the report. The plaintiffs made and delivered to the mortgagees, the life insurance company, two warrants, one of which was for thirteen thousand five hundred and fifty dollars, and the other for eleven thousand two hundred and fifty-five dollars, both of which warrants were afterward paid to the life insurance and trust company. That said company had no knowledge of the amount awarded to Erben, other than that contained in the warrants and the receipts given therefor, and that the company received the warrants and the money paid thereon for the purpose of distributing the money between themselves and Erben, and not otherwise, and and accordingly distribute it by retaining the amount due them on the mortgage of a little over four thousand dollars and paying to Erben over twenty thousand dollars.

" That the plaintiff voluntarily made and delivered the said warrants to the defendants, with full knowledge of the several matters stated in the report of the said commissioners."

The referee found, as a conclusion of law, that the plaintiffs, having voluntarily paid the sum of money above mentioned, could not maintain this action for the recovery of any part thereof. He accordingly gave judgment for each of the defendants against plaintiffs.

*The superior court,* on appeal from the judgment, held, that Erben having been advised by the clerk of the commissioners that he had been awarded the full sum, and having, in reliance thereon, failed to file exceptions to the report, and allowed the time for so doing to pass (facts which did not appear by the report of the referee, but were drawn from testimony in the case), and having received the money in good faith, believing that it belonged to him, the plaintiffs could not recover it back. Reported in 10 *Bosw.* 189. The plaintiffs appealed to this court.

*Richard O'Gorman,* counsel to the corporation, appellants;— Insisted, I. that the evidence as to the validity and correctness of the award was illegal; because, 1, the matter was *res adju-*

*dicata.* 2 *R. S.* 413, § 178; Matter of Canal and Walker streets, 12 *N. Y.* (2 *Kern.*) 406. 2. The statute remedy or a *certiorari*, not an action, was his remedy. Trinity Church *v.* Mayor, &c. 10 *How. Pr.* 138; Wilson *v.* Mayor, &c., 4 *E. D. Smith*, 675; opinion of WOODRUFF, J. II. The evidence shows that the over-payment was under a mutual mistake of facts, and may be recovered back. *Chitt. on Contr.* 543; *on Bills*, 425; 2 *Sm. L. Cas.* 237; 28 *Law Libr. N. S.* 269; Potter *v.* Everett, 2 *Hall*, 252; Mowatt *v.* Wright, 1 *Wend.* 355; Burr *v.* Weeder, 3 *Id.* 412; Waite *v.* Leggett, 8 *Cow.* 195; Union Bank *v.* U. S. Branch Bank, 3 *Mass.* 74; Garland *v.* Salem Bank, 9 *Id.* 389; Lazell *v.* Miller, 15 *Id.* 297; Canal Bank *v.* Albany, 1 *Hill*, 587; Wheadon *v.* Olds, 20 *Wend.* 174; Bank of Commerce *v.* Union Bank, 3 *N. Y.* (3 *Comst.*) 230. III. Voluntary payment by the city cannot be made by an agent, but only by vote of the common council.

*Samuel Hand*, for defendant and respondent Erben.—That plaintiff must affirmatively prove actual mistake. Wyman *v* Farnsworth, 3 *Barb.* 369; Elting *v.* Scott, 2 *Johns.* 157. That demand before suit must be proved. Abbott *v.* Draper, 4 *Den.* 51. That the fact of paying voluntarily, and with full knowledge, a claim made as matter of right, being established, the error, if any, in admitting evidence in support of the separate defense that defendant was equitably entitled to retain the money, was not ground for reversal. Such a voluntary payment cannot be recovered back. Brisbane *v.* Dacres, 5 *Taunt.* 82; Abell *v.* Douglass, 4 *Hill*, 305; Wyman *v.* Farnsworth, 3 *Barb.* 369; Wilson *v.* Ray, 10 *Adol. & El.* 82; Bilbie *v.* Lumley, 2 *East,* 469; Mowatt *v.* Wright, 1 *Wend.* 355; Supervisors *v.* Briggs, 1 *Den.* 26; Sandford *v.* Mayor, &c., 33 *Barb.* 147; Morris *v.* Tarrin, 1 *Dall.* 148; Irvine *v.* Hanlon, 10 *Serg. & R.* 219. That the evidence impeaching the reward was properly received, to show that defendant could in good conscience retain the money. Denby *v.* Moore, 1 *Barnw. & Ald.* 123; Farmer *v.* Arundel, 2 *Blackst.* 824; Price *v.* Neal, 2 *Burr.* 1354; Franklin Bank *v.* Reymond, 3 *Wend.* 69; Eddy *v.* Smith, 13 *Id.* 488; Buel *v.* Boughton, 2 *Den.* 91; Moses *v.* Macfarlan, 2 *Burr* 1012; Bize *v.* Dickerson, 1 *T. R.* 286. Even a judgment may

be relieved against in case of mistake. Foster v. Wood, 6 *Johns. Ch.* 87; Huggins v. King, 3 *Barb.* 616; Smith v. McClosky, 45 *Id.* 610. At law as well as equity. Cobb v. Curtis, 8 *Johns.* 470; Cameron v. Fowler, 5 *Hill*, 306. The evidence, taken together, shows Erben was misled, and raised an estoppel. 3 *Hill*, 215; Ryan v. Dix, 36 *N. Y.* And a waiver, based on good consideration. Cameron v. Fowler, *above.*

*William Betts*, for the Life Insurance and Trust Company, defendants and respondents.

WOODRUFF, J.—I am disposed to affirm this judgment.

The referee has not found that the plaintiffs acted under any mistake or misapprehension in making the payment, nor has he found that there was any clerical error in the award. If we can go into the evidence, on this appeal, I think it far the most probable conclusion that the mistake was in the latter.

There would be difficulty in reviewing the assessment collaterally on defendants' motion. But when the plaintiffs claim to have made an over-payment by mistake, and sue to recover it back, I am not prepared to say that the defendant may not prove a clerical error in the report, to show that the amount received was what he was entitled to, and what the commissioners intended to award. At least the plaintiffs should have obtained an actual finding of payment by mistake. That is not found; and we are not called upon to infer it from the proofs, in order to reverse the judgment.

Besides, when money is paid under a mutual mistake, I do not think an action lies to recover it back, without proof of demand, or, at least, notice of mistake.

CLERKE, J.—I have no doubt that the commissioners made a mistake in awarding Erben only fifteen thousand eight hundred and five dollars, instead of the amount which the plaintiffs actually paid him, twenty-four thousand eight hundred and five dollars. He was informed by the commissioners that this was the amount which they had awarded him. They had awarded his neighbors, Bacon & Raven, for three thousand five hundred and fourteen superficial feet on lots adjoining Erben's,

thirty-four thousand seven hundred and fifty-nine dollars; being at the rate of nine dollars and four cents per square foot. From Erben's lots there were taken two thousand six hundred and eighty superficial feet, which, at the same rate (nine dollars and four cents per square foot), would have amounted to twenty-four thousand two hundred and thirty-seven dollars, a little less than the plaintiffs paid him. It is proved that his lots were worth as much as those of Bacon & Raven.

Suppose A. owes B. two thousand dollars, but, in an action by B., a judgment is by some mistake rendered for only fifteen hundred dollars; and A. afterward pays B. the full amount, can A. recover back the five hundred dollars? Execution could not be issued against A. for more than fifteen hundred dollars; but if he voluntarily pays the amount actually due, can he recover back the difference?

I am of opinion that the judgment should be affirmed.

HUNT, Ch. J., delivered a dissenting opinion to the effect that there being no evidence to show that the comptroller intended to pay Erben more than he was legally entitled to, and no evidence that the plaintiffs as a corporation ever recognized the payment, and since defendant testified, and the referee found that he believed, the full amount was due him by the report, it was apparent that the excess was paid in mistake of facts, and hence the last finding of the referee that plaintiffs voluntarily delivered the warrants in full knowledge of the matters stated in the report, could not be reconciled with the previous finding that the money was paid on an erroneous understanding of the amount actually awarded,* nor was it sustained by the evidence; and hence it was a case for applying the rule that money paid in a mistake of facts may be recovered back; and that this claim could not be resisted by overhauling the award; although it was probable that defendant was not awarded as

---

* In Bentley v. Smith, vol. 1, p. 126 of this series, the finding was that the vendor made certain false representations to the purchaser, and that the plaintiff took from the purchaser an assignment of the contract, relying on them; and it was held that this was sufficient as a finding of fraud in the original contract, and of mistake in taking the assignment.

much as he should have been, and failed to have the error corrected on account of the erroneous information given him by the clerk.*

A majority of the judges concurred in affirming the judgment.

Judgment affirmed, with costs.

---

* This opinion is printed in 38 *N. Y.* 309, where it was erroneously presented as the opinion of the court.

